IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JOSEPH URTADO, | § | |
| | § | |
| V. | § | A-13-CA-1017-LY |
| | § | |
| WILLIAM STEPHENS,[1] | § | |
| Director, Texas Dept. of Criminal Justice- | § | |
| Correctional Institutions Division | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE LEE YEAKEL
      UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates, as amended, effective December 1, 2002.

Before the Court is Petitioner's Application for Habeas Corpus Relief under 28 U.S.C. § 2254 (Document 1). Petitioner, proceeding pro se, has paid the applicable filing fee for this case. For the reasons set forth below, the undersigned finds that Petitioner's application for writ of habeas corpus should be dismissed.

**I.  STATEMENT OF THE CASE**

**A.  Petitioner's Criminal History**

According to Petitioner, the Director has custody of him pursuant to a judgment and sentence of the 403rd Judicial District Court of Travis County, Texas.  Petitioner was convicted of three

---

[1] Although Petitioner named Phillip Bickham as Respondent, William Stephens, the current Correctional Institutions Division Director, is the proper respondent and will be substituted as such.

counts of aggravated assault with a deadly weapon and was sentenced to two terms of imprisonment for 55 years and one term of imprisonment for 15 years. Petitioner's sentences were ordered to run concurrently. Petitioner's convictions were affirmed on February 16, 2011. Urtado v. State, 333 S.W.3d 418 (Tex. App. – Austin 2011, pet. ref'd.). Petitioner's petition for discretionary review was refused on September 14, 2011. Petitioner also challenged his convictions in two state applications for habeas corpus relief. Petitioner indicates he filed his first application on September 5, 2012. The Texas Court of Criminal Appeals denied the application on November 21, 2012. Ex parte Urtado, Appl. No. 78,532-01. Petitioner indicates he filed his second application on November 20, 2012. The Texas Court of Criminal Appeals denied the second application on March 20, 2013. Ex parte Urtado, Appl. No. 78,532-02.

**B.    Petitioner's Grounds for Relief**

Petitioner raises the following grounds for relief:

1. Trial counsel failed to disclose evidence to Petitioner that was material, namely a knife;

2. Trial counsel failed to introduce witnesses on behalf of Petitioner;

3. Trial counsel denied Petitioner the right to testify at trial;

4. Trial counsel failed to object to a re-indictment that was untimely and multiplicitous;

5. Trial counsel failed to object or move for a mistrial when the prosecutors commented on Petitioner's failure to testify;

6. Trial counsel failed to object to highly prejudicial remarks made by the prosecutor in opening arguments;

7. Trial counsel failed to object and preserve error to the prosecutor's closing argument;

8. Trial counsel failed to object and preserve error regarding the prosecutor's improper comments regarding Petitioner's character;

9. Trial counsel failed to object and preserve error to the State's improper attacks on defense counsel; and

10. The trial court improperly excluded a conviction of the complaining witness.

## II.   DISCUSSION AND ANALYSIS

**A.    Statute of Limitations**

Federal law establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief. See 28 U.S.C. § 2244(d). That section provides, in relevant part:

> (d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

**B.    Application**

Petitioner's conviction became final, at the latest, on December 13, 2011, at the conclusion of time during which he could have filed a petition for writ of certiorari with the United States Supreme Court. See SUP. CT. R. 13.1 ("A petition for a writ of certiorari seeking review of a

judgment of a lower state court that is subject to discretionary review by the state court of last resort is timely when it is filed with the Clerk within 90 days after entry of the order denying discretionary review."). Petitioner indicates he filed his first state habeas application on September 5, 2012. At that time, 98 days of the one-year limitations period remained. The Texas Court of Criminal Appeals denied his application on November 21, 2012. Ex parte Urtado, Appl. No. 78,532-01. The day before the denial, Petitioner filed a second state application for habeas corpus relief. The Texas Court of Criminal Appeals denied the second application on March 20, 2013. Ex parte Urtado, Appl. No. 78,532-02. Therefore, Petitioner had until June 26, 2013, to timely file a federal application for habeas corpus relief. Petitioner did not execute his federal application until November 13, 2013, nearly five months after the expiration of the limitations period.

The record does not reflect that any unconstitutional state action impeded Petitioner from filing for federal habeas corpus relief prior to the end of the limitations period. Furthermore, Petitioner has not shown that he did not know the factual predicate of his claims earlier. Finally, the claims do not concern a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review.

### III.  RECOMMENDATION

It is recommended that Petitioner's application for writ of habeas corpus be dismissed with prejudice as time-barred.

### IV.  CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, effective

December 1, 2009, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in Slack v. McDaniel, 529 U.S. 473, 484, 120 S. Ct. 1595 (2000). In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id. "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id.

In this case, reasonable jurists could not debate the dismissal of the Petitioner's section 2254 petition on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. Miller-El v. Cockrell, 537 U.S. 322, 327, 123 S. Ct. 1029 (2003) (citing Slack, 529 U.S. at 484). Accordingly, it is respectfully recommended that the Court shall not issue a certificate of appealability.

## V. OBJECTIONS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are

being made. The District Court need not consider frivolous, conclusive, or general objections. Battles v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140, 150-153, 106 S. Ct. 466, 472-74 (1985); Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 13th day of December, 2013.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE